**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kelly D. LONG, Defendant–Appellant.**

**No. 18806.**

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1995.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Chief Judge.

Kelly D. Long (Defendant) was found guilty by a jury of the unlawful use of a weapon, § 571.030.1(1), RSMo 1986, and sentenced to one year in the Taney County Jail and fined $2,000. Defendant was arrested on the weapons charge at the scene of an illegal drug sale, although he was not personally implicated in the drug transaction. His complaint on appeal concerns the prosecutor's reference in opening statement to the drug transaction and the trial testimony of two law

enforcement officers about the drug deal. We affirm.

## FACTS

Defendant was arrested October 24, 1991, at a residence in rural Taney County. Defendant had driven to the house with a passenger, Frank Keys. Law enforcement officers, who had been advised that an illegal drug transaction was to occur at the residence on that date, were secreted in the woods surrounding the house. Upon a signal from an informant inside the building, officers entered and arrested Keys. Deputy Sheriff Donald Swan and another officer arrested Defendant who had remained in the driver's seat of the automobile.

Swan inspected the car and found a handgun on the floorboard, sticking out from under the driver's seat. The handgun, wrapped in a towel, was loaded, with the safety off. Swan found an extra magazine lying next to the firearm. Deputy Sheriff Richard Ringler test-fired the weapon and found it "capable of lethal use."

At trial, in his opening statement, the prosecuting attorney said there would be evidence that sheriff's deputies, acting on an informant's tip, arrested Keys in the course of a drug sale in a residence and that Defendant, who drove Keys to the residence, was arrested as he waited in an automobile outside the residence. The prosecutor said Deputy Ringler would testify Defendant told him, "I was asked to come to Taney County to complete a deal. I was told there might be trouble, so I brought my ... gun."

Deputies Swan and Ringler testified about their preparation for raiding the drug transaction, and each testified about the arrest of Defendant. Ringler also testified about his questioning of Defendant at the Branson Police Station:

"I asked him what was going on, what he was doing at the residence. He stated that Mr. Keys had asked him to come to Branson, drive him to Branson, to complete a deal. He told him that there could be trouble, so he, Mr. Long, stated, 'I brought along my gun.'"

Defendant testified that he did not know the gun was in the car.

## DISCUSSION AND DECISION

On appeal, Defendant contends the prosecutor's reference in his opening statement and the testimony of deputies Swan and Ringler about the drug transaction were improper and prejudicial to his defense. He argues,

"Evidence that [Defendant] was arrested at the scene of a drug transaction and that he had driven a participant in the drug deal to the scene had nothing to do with the charge of unlawful use of a weapon.... [T]here is no clear, legally relevant connection between the extraneous drug transaction and the charged crime of unlawful use of a weapon."

Defendant was charged with and convicted of violating § 571.030.1(1), RSMo 1986, which provides:

"1. A person commits the crime of unlawful use of weapons if he knowingly:

"(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use."

■ "The state has the burden of proving 'each and every element' of a criminal offense." *State v. Keeler*, 856 S.W.2d 928, 930 (Mo.App.1993) (quoting *State v. Palmer*, 822 S.W.2d 536, 540 (Mo.App.1992)). *See also State v. Munson*, 714 S.W.2d 515, 521[4] (Mo. banc 1986). The essential elements of § 571.030.1(1), RSMo 1986, are "the knowing concealment and accessibility of a functional lethal weapon." *State v. Purlee*, 839 S.W.2d 584, 589–90[12] (Mo. banc 1992).

Section 562.016, RSMo 1986, defines the culpable mental state for § 571.030.1(1):

"3. A person 'acts knowingly', or with knowledge,

"(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist...."

■ Defendant told Ringler he drove Keys to Branson "to complete a deal" and, because Keys said there might be "trouble," Defendant "brought along [his] gun." Swan

testified about the location of the handgun in the automobile. Swan and Ringler testified about the handgun's lethal properties. Swan's and Ringler's testimony established Defendant's knowledge that there was a lethal weapon concealed within his easy reach and convenient control and that the weapon was functional and loaded. *See Purlee*, 839 S.W.2d at 590[12–14]. Thus the evidence was relevant to prove the knowledge element of the state's case.

■ Evidence about the officers' preparation for a drug sale, the arrest of Keys during the transaction, and the arrest of Defendant at the scene presented a complete and coherent picture of the "deal" at which the possibility of "trouble" persuaded Defendant to "[bring] along [his] gun." Evidence of these circumstances, which set the context for Defendant's crime, was properly admitted. *See State v. Harris*, 870 S.W.2d 798, 810[22, 24] (Mo. banc 1994).

Defendant's argument, that the prosecutor's statement and the testimony of the deputies about the drug transaction were irrelevant to the charge, has no merit.

We affirm the judgment of the trial court.

FLANIGAN and MONTGOMERY, JJ., concur.